NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0655n.06
No. 08-4203

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Sep 23, 2009**
LEONARD GREEN, Clerk

RICHARD WADE COOEY, II,       )
                               )
     **Plaintiff**              )
                               )
ARTHUR TYLER;                )  ON APPEAL FROM THE UNITED
                               )  STATES DISTRICT COURT FOR THE
     **Intervenor-Appellant,**    )  SOUTHERN DISTRICT OF OHIO
                               )
v.                             )
                               )
TED STRICKLAND, et al.;     )
                               )
     **Defendants-Appellees.**     )

Before:  GIBBONS, ROGERS, and SUTTON, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Arthur Tyler appeals the district court's dismissal of his 42 U.S.C. § 1983 challenge to Ohio's method of execution.  Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary.  Fed. R. App. P. 34(a).

Tyler was convicted of aggravated murder and sentenced to death on January 19, 1986.  On April 25, 2007, he filed an intervenor complaint in a § 1983 lawsuit challenging Ohio's protocol for lethal-injection brought by fellow death-sentenced inmate, Richard Cooey.  After this Court held that Cooey's challenge was time-barred, *Cooey v. Strickland* (*Cooey II*), 479 F.3d 412, 424 (6th Cir. 2007), the district court dismissed Tyler's complaint on the same grounds.

Tyler argues that his claim is not barred under *Cooey II* for the following reasons: (1) *Cooey II* was wrongly decided; (2) *Cooey II*, even if correctly decided, does not apply to Tyler; (3) *Cooey II* borrowed the statute of limitations from the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244, under which Tyler's claim is timely; (4) Tyler is entitled to equitable tolling; and (5) the continuing-violations doctrine precludes application of the statute of limitations to method-of-execution challenges. Further, Tyler argues that he is entitled to further factual development of the statute of limitations question.

A thorough review of the record reveals that Tyler's arguments are nearly identical to those considered and rejected by this Court in appeals by other death-sentence inmates who had also intervened in *Cooey II*. *See Broom v. Strickland*, — F.3d —, No. 08-4200, 2009 WL 2739603 (6th Cir. Sept. 1, 2009); *Getsy v. Strickland*, — F.3d —, No. 08-4199, 2009 WL 2475165 (6th Cir. Aug. 13, 2009), *reh'g en banc denied*, 2009 WL 2496573 (6th Cir. Aug 17, 2009), *cert. denied*, No. 09-5935, 2009 WL 2490098 (Aug. 17, 2009). The reasoning set forth in *Broom*, *Getsy*, and *Cooey II* is binding on this panel and, to the extent the cases have already addressed Tyler's arguments, we adopt their reasoning here. Tyler's other arguments not directly addressed by this Court in those cases were raised before the district court. *See Cooey v. Strickland*, No. 2:04-cv-1156, 2008 WL 4065844, at *1 (S.D. Ohio Aug. 25, 2008) (incorporating by reference the reasoning of *Cooey v. Strickland*, No. 2:04-cv-1156, 2008 WL 4065809 (S.D. Ohio Aug. 25, 2008)). Upon review of the district court opinion, we find it to be correctly decided and affirm the reasoning therein.

For the reasons set forth above, we **AFFIRM** the judgment of the district court.